IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 JUN -5 P 1:39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

2:07-CV- 494- WKW

| | |
|---|---|
| LESLIE CORBELL, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) |
| | ) |
| CITY OF ANDALUSIA, a municipality, | ) |
| GRADY BARNES, individually and in | ) |
| his capacity as a law enforcement officer | ) |
| for the City of Andalusia, and MIKE | ) |
| BOLIN, individually and in his capacity | ) |
| as a law enforcement officer for the City | ) |
| of Andalusia, | ) |
| | ) |
| DEFENDANTS. | ) |

**DEMAND FOR JURY TRIAL**

## COMPLAINT

1. The plaintiff, Leslie Corbell, is an individual over the age of nineteen and is a resident citizen of Covington County, Alabama.

2. The defendant, City of Andalusia, is a municipal corporation incorporated under the laws of the State of Alabama.

3. The defendant, Grady Barnes, is an individual over the age of nineteen and a resident citizen of Covington County, Alabama. Grady Barnes acted on behalf of the City of Andalusia at all times relevant to this Complaint as a law enforcement officer for said City.

4. The defendant, Mike Bolin, is an individual over the age of nineteen and a resident citizen of Covington County, Alabama. Mike Bolin acted on behalf of the City of Andalusia at all times relevant to this Complaint as a law enforcement officer for said City.

5. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

1

6. Jurisdiction is proper in this Court as this action raises claims pursuant to 42 U.S.C. Section 1983 and venue is proper as all acts in this cause occurred in the Middle District of Alabama. The complaint seeks redress under both Federal and State law.

## FACTUAL BACKGROUND

7. On June 5, 2005, Office Grady Barnes, a police officer with the Andalusia Police Department, was dispatched to the home of Leslie Corbell in Andalusia, Alabama.

8. At all times material Leslie Corbell was a citizen of Andalusia, residing and domiciled in the City limits. Her husband was out of town working. Mrs. Corbell had no prior arrest record and had been involved in the civic affairs of the City, including serving as a volunteer youth coach for the City Parks and Recreation Department.

9. Officer Barnes was responding to a complaint of "a vicious" animal.

10. Upon his arrival, Mrs. Corbell invited Officer Barnes into her home and he continued through the house to the back door to allow him to inspect Mrs. Corbell's dog, a fat English bulldog that recently had puppies.

11. When Officer Barnes went to inspect Mrs. Corbell's dog, her daughter was close by with the puppies and Officer Barnes stomped his feet at the dog to decide whether the dog was indeed "vicious."

12. When the fat English bulldog growled at Officer Barnes in response, Officer Barnes told Mrs. Corbell the dog was vicious and needed to be contained although he knew his stomping at the animal increased the dog's anger and he knew there were puppies of the dog in proximity.

13. Mrs. Corbell explained to Officer Barnes the dog was not dangerous and noted the presence of the dog with her young daughter.

2

14. Officer Barnes stated he was in danger from the dog and stated "this dog is vicious and it needs to be contained. It needs to be put up."

15. Officer Barnes then went to his patrol car and filled out two City summonses, one for Failure to Have Rabies Inoculation and one for "Allowing a Vicious Dog to Run Loose."

16. At all times material, there was no charge in the Andalusia City Ordinances for "Allowing a Vicious Dog to Run Loose."

17. At all times material, the city of Andalusia had Ordinances that set forth an administrative procedure to deal with vicious or dangerous animals and provided due process to Andalusia citizens with alleged vicious or dangerous dogs. Said provisions are as follows:

**Sec. 4-9. Vicious or dangerous animals--Determination; notice to owner; penalty.**
Any domestic animal known to have bitten or otherwise attacked a person shall be known as a vicious or dangerous animal and upon notice in writing from the animal control officer to the owner, keeper or person normally having custody of such animal, that such animal has bitten or otherwise attacked a person, the animal shall thenceforth be continuously confined in a safe place, or destroyed or removed from the city. If such animal should thereafter be found running at large, the owner, keeper or other person responsible for such animal who has received such notice shall, upon conviction, be fined as provided in section 1-8.

**Sec. 4-10. Same--Destruction.**
Any animal which has been declared a vicious or dangerous animal by the giving of the notice set forth in section 4-9 which is thereafter found running at large within the city or the police jurisdiction thereof shall be destroyed by the police department, or its designated representative, as a vicious or dangerous animal.

18. Officer Barnes was not and has never been the City of Andalusia's animal control officer and was not acting as the animal control officer on the day in question.

19. At no time was Mrs. Corbell given notice under Section 4-9 and she was unable to remove her dog from the City or otherwise prove her pet was not a vicious animal.

20. When Officer Barnes returned with the two summonses, he went up the side of the

Corbell home because Mrs. Corbell and her friend were following Officer Barnes' direction to "put up the dog" in the backyard.

21. As Officer Barnes walked up the side of the house, the dog saw him and went to within three feet of the Officer and barked at him. Officer Barnes' response was to shoot the dog three times with his .40 Glock pistol thus killing the family pet in the presence of Mrs. Corbell, her five year old daughter and a family friend.

22. After seeing her family pet shot and killed wantonly and for no reason, Mrs. Corbell became very upset and went into the house and called her mother in her grief.

23. Shortly after the shooting, Lieutenant Mike Bolin, Officer Barnes' superior, arrived at the Corbell home and let himself inside the Corbell house to explain to Mrs. Corbell why her animal had been shot.

24. Mrs. Corbell did not want to discuss the matter with Lieutenant Bolin as she was upset and on the phone with her mother. She walked outside the home and saw the dead body of her dog.

25. Upon seeing the dead animal, Mrs. Corbell stated either, "You stupid f****** bastard, I can't believe you shot my dog" (according to the officers) or "You son-of-a-bitch, you shot my dog" (according to Mrs. Corbell's friend).

26. Upon hearing that statement, Lieutenant Bolin arrested Mrs. Corbell for disorderly conduct and took her to the Andalusia Police Department for fingerprinting and booking.

27. A Covington County Jury later found Mrs. Corbell not guilty of the Disorderly Conduct charges in the Circuit Court of Covington County.

4

## COUNT I - SECTION 1983 VIOLATION

### Deprivation of Property without Due Process

28. All prior paragraphs are restated herein by reference.

29. The plaintiff brings this count under 42 U.S.C. Section 1983 to redress the deprivation under color of state law, of rights secured by the Constitution of the United States.

30. At all time material Defendant City of Andalusia had in place an administrative code that provided due process to the Citizens of Andalusia charged with having a vicious or dangerous animal. Said code is set forth above as Sections 4-9 and 4-10 of the City of Andalusia Ordinances.

31. Plaintiff's dog was her personal property and chattel.

32. Officer Barnes, by shooting and killing plaintiff's dog, deprived the plaintiff of her property without affording her due process of law.

33. At all times material, the City of Andalusia has an unwritten and informal policy between its officers and City employees to kill dogs under the guise of self defense. Said policy deprives the Citizens of the City due process under the Fourteenth Amendment to the United States Constitution. Said policy has been in place for several years and most famously once allowed a City Councilman, while "helping" the animal control officer, to mistakenly shoot the family dog of another City Councilman. Defendant City of Andalusia has taken no steps since this past episode to alter its policy.

34. Defendant Grady Barnes, acting under the color of the law of Alabama, wilfully caused the plaintiff to be deprived of rights, privileges, or immunities secured or protected to her by the Fourteenth Amendment to the United States Constitution including, but not limited to the

5

following:

      Grady Barnes did deprive plaintiff Leslie Corbell of property and chattel, specifically her family pet, without due process and while acting illegally under color of law, thus depriving the plaintiff of certain Constitutional rights guaranteed to her by the Constitution of the United States and consented to by the State of Alabama, denying plaintiff due process of law, and equal protection, violating the Fourteenth Amendment to the United States Constitution.

      35.  The City of Andalusia also deprived plaintiff Corbell of her due process rights by failing to take measures that would afford her the rights set out in Section 4-9 and 4-10 of the City Ordinances.

      36.  The City of Andalusia also deprived plaintiff Corbell of her due process rights by failing to take measures to eliminate the policy of shooting dogs under pretense in the City.

      37.  The City and Officer Barnes therefore denied plaintiff due process of law, and equal protection, violating the Fourteenth Amendment to the United States Constitution.

      38.  As a proximate result, Plaintiff has suffered damages for the loss of her personal property and has further suffered humiliation, mental distress and embarrassment and has incurred attorneys' fees in her representation.

      WHEREFORE, Plaintiff demands a Declaratory Judgment pursuant to 28 U.S.C. Sections 2201 and 2202 against defendant Grady Barnes and defendant City of Andalusia that the defendants' acts, policies, and practices described herein violated plaintiff's rights under the United States Constitution.  The plaintiff further demands judgment against said defendants for compensatory damages in such amounts as the evidence supports and a jury awards, a separate amount as punitive damages, attorneys' fees pursuant to 42 U.S.C. Section 1988, plus costs of

court, and such other and further relief as this court may deem just, proper, and equitable.

Plaintiff also demands a Declaratory Judgment ordering and enjoining the City of Andalusia, its

officers, agents and employees from depriving the rights of its citizens in a similar fashion in the

future and requests this Court take jurisdiction of this matter to ensure compliance.

## COUNT II - CONVERSION

39. All prior paragraphs are incorporated herein by reference

40. At all times material, Officer Barnes was acting as an employee or agent of the City of

Andalusia.

41. The shooting of Mrs. Corbell's dog was a conversion in that defendant Barnes

destroyed Mrs. Corbell's personal property.

42. The shooting of Mrs. Corbell's dog was willful.

43. The shooting of Mrs. Corbell's dog was unnecessary and without cause or excuse.

44. Defendant City of Andalusia is also responsible under the doctrine of respondeat

superior.

45. As a result of the conversion, Plaintiff Corbell has been damaged.

WHEREFORE, Plaintiff demands judgment against defendant Grady Barnes and

defendant City of Andalusia for compensatory damages in such amounts as the evidence supports

and a jury awards, plus a separate amount for punitive damages, plus costs of court.

## COUNT III - SECTION 1983 VIOLATION

### False Arrest

46. All prior paragraphs are restated herein by reference.

47. This count is brought under 42 U.S.C. Section 1983 to redress the deprivation under

color of state law, of rights secured by the Constitution of the United States.

48. At the time of Ms. Corbell's arrest, it was clearly established that "a person has the right not to be arrested unless probable cause justifies the arrest." Beech v. City of Mobile, 874 F. Supp. 1305, 1310 (S.D. Ala. 1994), citing Motes v. Myers, 810 F. 2d 1055, 1059 (11th Cir. 1987).

49. At the time of the incident, the Eleventh Circuit made it clear that a "warrantless arrest without probable cause violates the Constitution and forms the basis for a Section 1983 claim." Lindsey v. Storey, 936 F. 2d 554, 562 (11th Cir. 1991), citing, Marx v. Gumbinner, 905 F. 2d 1503, 1505 (11th Cir. 1990), Reeves v. City of Jackson, 608 F. 2d 644, 651 (5th Cir. 1979).

50. Defendant Mike Bolin wrongfully, maliciously, intentionally, and/or willfully placed the plaintiff under arrest, even though plaintiff had not broken any law and defendant had no reason or probable cause to arrest the plaintiff.

51. Defendant Mike Bolin, acting under the color of the law of Alabama, wilfully caused the plaintiff to be deprived of rights, privileges, or immunities secured or protected to her by the Fourteenth Amendment to the United States Constitution including, but not limited to the following:

Mike Bolin did deprive plaintiff Leslie Corbell of her liberty without due process and while acting illegally under color of law, thus depriving the plaintiff of certain Constitutional rights guaranteed to her by the Constitution of the United States and consented to by the State of Alabama, denying plaintiff due process of law, and equal protection, in violation of the Fourteenth Amendment to the United States Constitution.

52. At all times material defendant Mike Bolin did not have probable cause to make an

8

arrest of Mrs. Corbell merely because she cursed Officer Barnes for shooting her dog.

53.  As a proximate result of the defendant's acts, Plaintiff has suffered damages for the loss of her liberty, for being fingerprinted and otherwise arrested and has further suffered humiliation, mental distress and embarrassment and has incurred attorney's fees in her representation.

WHEREFORE, Plaintiff demands a Declaratory Judgment pursuant to 28 U.S.C. Sections 2201 and 2202 against defendant Mike Bolin and defendant City of Andalusia that the defendants' acts, policies, and practices described herein violated plaintiff's rights under the United States Constitution.  Plaintiff further demands judgment against said defendants for compensatory damages in such amounts as the evidence supports and a jury awards, a separate amount as punitive damages, attorney's fees pursuant to 42 U.S.C. Section 1988, plus costs of court, and such other and further relief as this court may deem just, proper, and equitable. Plaintiff also demands a Declaratory Judgment ordering and enjoining the City of Andalusia, its officers, agents and employees from depriving the rights of its citizens in a similar fashion in the future and requests this Court take jurisdiction of this matter to ensure compliance.

## COUNT IV - FALSE IMPRISONMENT

54.  All prior paragraphs are restated herein by reference.

55.  Defendant Mike Bolin and defendant City of Andalusia wrongfully, intentionally, wilfully, and/or maliciously imprisoned the plaintiff for a period of time against her will even though defendants had no legal right to do so.

56. As a proximate result, plaintiff suffered damages and further suffered humiliation and embarrassment.

9

WHEREFORE, Plaintiff demands judgment against defendant Mike Bolin and defendant City of Andalusia for compensatory damages in such amounts as the evidence supports and a jury awards, a separate amount as punitive damages, plus costs of court.

## COUNT V - MALICIOUS PROSECUTION

57. All prior paragraphs are restated herein by reference.

58. Defendants prosecuted the plaintiff for disorderly conduct even though they knew there was no probable cause for such an action.

59. Said prosecution was intentional, wilful, and/or malicious and without probable cause.

60. As a proximate result, plaintiff suffered damages as alleged above and further suffered humiliation and embarrassment.

WHEREFORE, Plaintiff demands judgment against defendant City of Andalusia for compensatory damages in such amounts as the evidence supports and a jury awards, a separate amount for punitive damages, plus costs of court.

## COUNT VI - ABUSE OF PROCESS

61. All prior paragraphs are restated herein by reference.

62. Defendants used the process of law for an illegal or wrongful purpose.

63. Said prosecution was intentional, wilful, and/or malicious.

64. As a proximate result, plaintiff suffered damages as alleged above and further suffered humiliation and embarrassment.

WHEREFORE, Plaintiff demands judgment against defendant Mike Bolin and defendant City of Andalusia for compensatory damages in such amounts as the evidence supports and a jury

awards, a separate amount as punitive damages, plus costs of court.

## COUNT VII - FAILURE TO TRAIN

65.  All prior paragraphs are restated herein by reference.

66.  At all time material, defendant City of Andalusia owed a duty to the public to properly train its officers with respect to its laws and the law of the State of Alabama.

67.  Defendant City breach its duty to train and further failed to train officers Barnes and Bolin in the areas of enforcing Ordinances 4-9 and 4-10 and also failed to train officer Barnes in the proper reasons for the use of force against a family pet.

68.  Defendant City also failed to train its officers with respect to the law concerning disorderly conduct and the Civil Rights of its citizens.

69.  As a proximate result of the City's failure to train its officers, plaintiff Corbell suffered deprivation of her rights under the Fourteenth Amendment to the United States Constitution, lost her personal property, her dog, and also suffered wrongful and false arrest.

70.  Because of the City's failure to properly train its officers, plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against defendant City of Andalusia for compensatory damages in such amounts as the evidence supports and a jury awards, plus costs of court.

Respectfully Submitted,

Allen G. Woodard (WOO047)
**WOODARD, PATEL & SLEDGE**
1213 East Three Notch
Andalusia, AL  36467
334-222-9115
334-222-9448 FAX

11

awoodard@alaweb.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES.**

Of Counsel