**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **LESLIE CORBELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:07-cv-494-WKW** |
| | ) | |
| **CITY OF ANDALUSIA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER TO COMPLAINT

Defendants The City of Andalusia, Alabama, Grady Barnes, and Mike Bolin answer the plaintiff's complaint as follows.

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Denied.    There is no minimum "amount in controversy" requirement for a United States District Court to have jurisdiction over federal claims.

6.    The defendants admit the Court has subject matter jurisdiction over the plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.  The defendants admit the Court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  The defendants admit that venue is proper in the Northern Division of the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. §§ 81(b)(1) and 1391(b).

The defendants deny the substantive allegations of the complaint and deny that the complaint, itself, satisfies Rule 8(a)(1) of the Federal Rules of Civil Procedure. All other allegations of Paragraph 6 are denied.

## FACTUAL BACKGROUND

7.     The defendants admit that Grady Barnes was an Andalusia police officer on June 5, 2005. The defendants deny the remaining allegations of Paragraph 7.

8.     The defendants admit that Leslie Corbell was a citizen of Andalusia, residing and domiciled within the Andalusia city limits. The defendants are without knowledge or information sufficient to form a belief as to the truth of the averments that Leslie Corbell's husband was out of town working and that Leslie Corbell had been involved in the civic affairs of the city, including serving as a volunteer youth soccer coach for the city parks and recreation department. Therefore, those allegations are denied. The defendants deny the remaining allegations of Paragraph 8.

9.     Admitted.

10.     The defendants admit the plaintiff invited Officer Barnes into her home and that he continued through her house to the back door to inspect the dog. The defendants admit the dog had puppies. The defendants deny the remaining allegations of Paragraph 10.

11.     The defendants admit the plaintiff's daughter was present and that Officer Barnes stomped his foot. The defendants deny the remaining allegations of Paragraph 11.

12.    The defendants admit the dog growled at Officer Barnes and that Officer Barnes told the plaintiff that the dog was vicious and needed to be contained.    The defendants admit that puppies were present.    All other allegations of Paragraph 12 are denied.

13.    The defendants admit the plaintiff said those things.    The defendants deny the plaintiff's claim that the dog was not dangerous.

14.    Admitted.

15.    Admitted, although the word "vicious" was inadvertently included in the citation for "Dogs running at large", see Andalusia Code § 4-26.

16.    Denied.    The plaintiff was tried and convicted for the charge.    The doctrine of collateral estoppel precludes the plaintiff from re-litigating this issue.

17.    Admitted.

18.    Denied.    The doctrine of collateral estoppel precludes the plaintiff from re-litigating this issue.

19.    The defendants admit the plaintiff was not given a written notice under Section 4-9.    However, Officer Barnes verbally informed the plaintiff that her dog had attacked a child that day.    Officer Barnes was in the process of serving summonses on the plaintiff when the dog attacked him.    The defendants deny the remaining allegations of Paragraph 19.

20.    The defendants admit that Officer Barnes went to the side of the plaintiff's home after first going to the front door.    The defendants deny the remaining allegations of Paragraph 20.

21.   The defendants admit the dog charged Officer Barnes and that, in self-defense, Officer Barnes shot the dog to stop its charge.  The defendants admit that the plaintiff, her daughter, and her friend were present.  The defendants deny the remaining allegations of Paragraph 21.

22.   The defendants admit the plaintiff became upset after Officer Barnes shot the dog.  The defendants are without knowledge or information sufficient to form a belief as to the averment that the plaintiff called her mother.  Therefore, that allegation is denied.  The defendants deny the remaining allegations of Paragraph 22.

23.   The defendants admit that Lt. Bolin arrived at the home and let himself inside the house to explain why the animal had been shot and to complete the enforcement action that was interrupted when the dog attacked Officer Barnes.  The defendants admit that Lt. Bolin was Officer Barnes's superior.  The defendants deny the remaining allegations of Paragraph 23.

24.   The defendants are without knowledge or information sufficient to form a belief as to the truth of the plaintiff's averment that she did not want to discuss the matter with Lt. Bolin as she as upset and on the phone with her mother.  Therefore, that allegation is denied.  The defendants admit the plaintiff walked outside near the dog.  The defendants deny all other allegations of Paragraph 24.

25.   Admitted.  The plaintiff also made other statements and engaged in other conduct.

26.    Admitted.    The arrest was based on the totality of the circumstances, to include the entirety of the plaintiff's conduct.

27.    Admitted.  The plaintiff was convicted of allowing the dog to run at large and failing to have the dog inoculated.

## COUNT I

28.    The defendants adopt and incorporate by reference their responses to Paragraphs 1 through 27, as if fully set forth verbatim herein.

29.    Denied.

30.    Admitted.

31.    Admitted.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

## COUNT II

39.    The defendants adopt and incorporate by reference their responses to Paragraphs 1 through 38, as if fully set forth verbatim herein.

40.    Admitted.

41.    Denied.

42. The defendants admit that Officer Barnes intentionally shot the dog in self-defense.

43. Denied.

44. Denied.

45. Denied.

### COUNT III

46. The defendants adopt and incorporate by reference their responses to Paragraphs 1 through 45, as if fully set forth verbatim herein.

47. Denied.

48. Admitted, although the defendants deny that the plaintiff was arrested without probable cause.

49. In general, the defendants admit that a warrantless arrest without probable cause violates the Fourth Amendment, but deny that it always gives rise to a § 1983 action. The defendants deny that the plaintiff was arrested without probable cause.

50. Denied. The doctrine of collateral estoppel precludes the plaintiff from re-litigating this issue.

51. Denied. The doctrine of collateral estoppel precludes the plaintiff from re-litigating this issue. Further, Paragraph 51 does not state a claim upon which relief can be granted.

52. Denied.

53. Denied.

## COUNT IV

54.    The defendants adopt and incorporate by reference their responses to Paragraphs 1 through 53, as if fully set forth verbatim herein.

55.    Denied.

56.    Denied.

## COUNT V

57.    The defendants adopt and incorporate by reference their responses to Paragraphs 1 through 56, as if fully set forth verbatim herein.

58.    Denied.  The doctrine of collateral estoppel precludes the plaintiff from re-litigating this issue.

59.    Denied.  The doctrine of collateral estoppel precludes the plaintiff from re-litigating this issue.

60.    Denied.

## COUNT VI

61.    The defendants adopt and incorporate by reference their responses to Paragraphs 1 through 60, as if fully set forth verbatim herein.

62.    Denied.  The doctrine of collateral estoppel precludes the plaintiff from re-litigating this issue.

63.    Denied.

64.    Denied.

## COUNT VII

65.    The defendants adopt and incorporate by reference their responses to Paragraphs 1 through 64, as if fully set forth verbatim herein.

66.     The defendants deny this allegation as written.  It is an incorrect statement of the law.

67.     Denied.

68.     Denied.

69.     Denied.  The doctrine of collateral estoppel precludes the plaintiff from re-litigating this issue.

70.     Denied.

## FIRST DEFENSE

The defendants plead the doctrine of collateral estoppel.

## SECOND DEFENSE

The defendants plead issue preclusion.

## THIRD DEFENSE

The defendants plead contributory negligence.

## FOURTH DEFENSE

The defendants plead assumption of the risk.

## FIFTH DEFENSE

The defendants plead qualified immunity.

## SIXTH DEFENSE

The defendants plead State-agent immunity.

## SEVENTH DEFENSE

The defendants plead municipal immunity.

## EIGHTH DEFENSE

The defendants plead Code of Alabama § 6-5-338 (1975).

## NINTH DEFENSE

The defendants plead Code of Alabama § 11-47-190 (1975).

## TENTH DEFENSE

The defendants plead <u>Cranman</u> immunity.  <u>See</u> <u>Ex parte Cranman</u>, 792 So.2d 392 (Ala. 1999).

## ELEVENTH DEFENSE

The defendant plead municipal immunity from punitive damages under state and federal law.  <u>See</u> Ala. Code § 6-11-26 (1975); <u>City of Newport v. Fact Concerts, Inc.</u>, 453. U.S. 247, 271 (1981).

## TWELFTH DEFENSE

The defendants plead Code of Alabama § 11-93-2 (1975).

## THIRTEENTH DEFENSE

The defendants plead failure to mitigate.

## FOURTEENTH DEFENSE

The defendants plead the statute of limitations.

## FIFTEENTH DEFENSE

The defendants plead self-defense.

## SIXTEENTH DEFENSE

The defendants plead justification.

## SEVENTEENTH DEFENSE

The defendants plead privilege.

## EIGHTEENTH DEFENSE

The defendants plead the plaintiff's claims are barred by her participation in illegal acts. <u>See</u> <u>Oden v. Pepsi Cola Bottling Co.</u>, 621 So.2d 953 (Ala. 1993).

## NINTEENTH DEFENSE

The defendants plead estoppel.

## TWENTIETH DEFENSE

The defendants plead the Rooker-Feldman doctrine.

## TWENTY-FIRST DEFENSE

The defendants plead the plaintiff's claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

## TWENTY-SECOND DEFENSE

The defendants plead the doctrine of res judicata.

## TWENTY-THIRD DEFENSE

The defendants plead the doctrine of judicial estoppel.

## TWENTY-FOURTH DEFENSE

The defendants plead that respondeat superior liability is not available for § 1983 claims.

## TWENTY-FIFTH DEFENSE

The defendants plead the doctrine of discretionary function immunity.

## TWENTY-SIXTH DEFENSE

The defendants plead Code of Alabama §§ 6-11-20 (1975).

### TWENTY-SEVENTH DEFENSE

The defendants plead Code of Alabama §§ 6-11-21 (1975).

### TWENTY-EIGHTH DEFENSE

The defendants plead Code of Alabama §§ 6-11-27 (1975).

### TWENTY-NINTH DEFENSE

The defendants plead "good cause" as a defense.

### THIRTIETH DEFENSE

The defendants plead Code of Alabama § 13A-3-22 (1975).

### THIRTY-FIRST DEFENSE

The defendants plead consent.

### THIRTY-SECOND DEFENSE

The defendants plead illegality.

### NOTICE

The defendants assert that this action is groundless, frivolous, unreasonable, and/or without foundation and brought in bad faith. The defendants intend to pursue attorney's fees and expenses against the plaintiff. See Hughes v. Rowe, 449 U.S. 5, 14-15 (1980).


**/s/ James H. Pike**
James H. Pike (PIK003)
Attorney for Defendants
The City of Andalusia, Alabama, Grady
Barnes, and Mike Bolin

OF COUNSEL:

SHEALY, CRUM & PIKE, P.C.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@scplaw.us

## CERTIFICATE OF SERVICE

I, James H. Pike, certify that on June 27, 2007, I electronically served a

copy of this document upon:

Allen G. Woodard
WOODARD, PATEL & SLEDGE
1213 East Three Notch Street
Andalusia, Alabama 36467

**/s/ James H. Pike**
James H. Pike

12